# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINO SOLIS,<br><br>               Plaintiff,<br><br>    v.<br><br>WEST VALLEY DETENTION CENTER, et al.,<br><br>               Defendants. | Case No. EDCV 15-1005-PSG (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Valentino Solis ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## FACTUAL ALLEGATIONS

Plaintiff's claims arise out of his confinement at the West Valley Detention Center ("WVDC") and the Adelanto Correctional Facility ("ACF"),[1] both of which are in San Bernardino County, California. He names WVDC and ACF as the sole defendants in the caption of the Complaint. (Complaint at 1.) In the body of the Complaint, Plaintiff identifies "[WVDC] (watch commander)" and "unknown Defendants at Adelanto Jail, et al." as the defendants. (Id. at 3.) Plaintiff seeks declaratory relief and damages. (Id. at 9.)[2]

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth and Fourteenth Amendment rights. (Id. at 8.) He states that "San Bernardino County Sheriffs purposefully plac[ed] plaintiff in the Jail[']s general population instead of protective custody" at ACF, which resulted in Plaintiff being severely beaten by three inmates on two different occasions. (Id. at 13.) The beatings left Plaintiff severely injured and with ongoing medical problems. (Id. at 12.)

Plaintiff further alleges that he has not received appropriate medical care following the beatings, and sheriff's deputies exacerbated his injuries by rolling him around in a chair. (Id. at 14-15.)

After Plaintiff was transferred from ACF to WVDC, he asked sheriff's deputies to place him in protective custody, but the deputies refused to do so. (Id. at 15.) Plaintiff

---

[1] It appears that Plaintiff may be referring to the Adelanto Detention Center, located in Adelanto, California, which is operated by the San Bernardino County Sheriff's Department. However, this is unclear, as there are several correctional facilities located in Adelanto.

[2] For ease of reference, the Court refers to the pages of the Complaint as if they were numbered sequentially.

ultimately was placed in protective custody when he was transferred to another facility. (Id. at 16.)

At WVDC, Plaintiff asked for a "medical slip" to obtain medical care, but deputies would not give him one. (Id. at 16.) Plaintiff was afraid to seek medical care in any event because he was a sex offender housed in the general population and, therefore, at risk of further harm. (Id.) It appears that Plaintiff eventually was transferred to Chuckawalla Valley State Prison ("CVSP") in Riverside County, California. While at CVSP, Plaintiff sought medical care from Dr. Murakonda, who refused to help him. (Id.)

## DISCUSSION

### I.   PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION.

Plaintiff's caption lists only WVDC and ACF as defendants (Complaint at 1.) On page 3 of the Complaint, however, Plaintiff lists the defendants in this action as "[WVDC] (watch commander)" and "unknown Defendants at [ACF]". Moreover, Plaintiff's allegations in the Complaint name other individuals not identified as defendants in the caption or on page 3 of the Complaint. (See, e.g., Complaint at pp.14-16 (unnamed sheriff's deputies), p.16 (Dr. Murakonda), and p.17 ("all physician(s), R.N.s, LVNs at WVDC & CVSP").)

The individuals named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he **must include in the caption the names of each defendant against whom he is asserting a claim**. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

### II.  THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 10.

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . .

must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

Here, Plaintiff has not separately set forth his various claims – including the supporting facts for each claim – as separate counts, so as to allow the Court and Defendants to understand the scope and nature of Plaintiff's allegations. For example, it appears that Plaintiff is attempting to assert claims for deliberate indifference based on failure to protect him from harm and failure to provide medical care. However, these allegations are not set forth as separate legal claims. Accordingly, the Complaint is subject to dismissal pursuant to Rule 10 because it improperly mixes allegations apparently related to different types of claims. If Plaintiff wishes to filed an amended complaint, he shall set forth each claim as a separate count by clearly numbering and distinguishing from one another every civil rights claim, <u>including the underlying factual allegations for each claim</u>. Any claim that is not clearly numbered or separated from all other claims <u>and</u> accompanied with the alleged facts supporting that claim will not be addressed as a separate claim for relief.

### III.  THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff's allegations fail to clearly identify each individual claim, the incident(s) giving rise to each claim, and the specific Defendants Plaintiff believes are liable for each of those claims. Instead, the Complaint lumps all of Plaintiff's factual allegations together in rough chronological order regardless of their relation to a particular claim. Plaintiff must list his factual allegations according to the claims that he is asserting. The court is not required to sort through Plaintiff's allegations in search of a viable claim, Independent Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003); see Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994), and Plaintiff's failure to plainly and succinctly provide each defendant with fair notice of the bases for his allegations violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

In sum, Plaintiff's Complaint is subject to dismissal under Rule 8.

**IV. PLAINTIFF FAILS TO STATE A CLAIM AGAINST SAN BERNARDINO COUNTY.**

Plaintiff names WVDC and ACF as defendants in the caption of his Complaint. It appears, based on Plaintiff's allegations, that these facilities are operated by the San Bernardino County Sheriff's Department. Plaintiff also purports to name a "watch commander" at WVDC and "unknown Defendants" at ACF as defendants in their individual and official capacities.

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Moreover, a local governmental entity, such as a County, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc).

A local government entity may be held liable for a failure to train its employees only if "the failure to train amounts to deliberate indifference to the rights of persons" impacted by the inaction. City of Canton v. Harris, 489 U.S. 378, 388 (1989). In order to state a claim for failure to train, Plaintiff must allege that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 390.

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining. The allegations of the Complaint

are insufficient to state a claim upon which relief may be granted against any defendant in his official capacity. See Iqbal, 556 U.S. at 678-79 (legal conclusions must be supported by factual allegations); Dougherty, 654 F.3d at 900 (finding that plaintiff's conclusory allegations "lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by Twombly.").

## V.     CLAIM FOR FAILURE TO PROVIDE MEDICAL CARE

The state must provide medical care to prisoners because their incarceration has deprived them of the ability to secure medical care for themselves. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Failure to provide medical care may violate the Cruel and Unusual Punishment Clause of the Eighth Amendment if it amounts to deliberate indifference to a prisoner's serious medical needs.[3] Estelle, 429 U.S. at 104

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A serious medical need exists if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059. Examples of serious medical needs include: '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60.

---

[3] It appears that Plaintiff was a pretrial detainee at the time of the alleged events. Claims by pretrial detainees arise under the Fourteenth Amendment Due Process Clause, whereas claims by prisoners arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Bell, 441 U.S. at 535 n. 16. Nevertheless, "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," the Court analyzes Plaintiff's claim of inadequate medical care under the standards provided by the Eighth Amendment, despite Plaintiff's status as a pretrial detainee. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir.1991)).

Deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. McGuckin, 974 F.2d at 1060. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care." Id. at 1059; see Estelle, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide medical care does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06. When medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (delayed dental care did not violate Eighth Amendment because plaintiffs did not show that "delays occurred to patients with problems so severe that delays would cause significant harm").

Plaintiff alleges that when he was beaten by other inmates, unnamed sheriff's deputies failed to provide him with medical care and pushed him around in a wheeled chair, which caused further injury. (Complaint at 14.) Plaintiff further alleges that sheriff's deputies at WVDC would not give Plaintiff a medical slip, and Dr. Murakonda at CVSP stated she could not do anything for him because she knew he was "building a case." (Id. at 16.)

It appears that Plaintiff could amend his pleadings to allege sufficient facts establishing that sheriff's deputies and/or medical personnel failed to provide, or delayed in providing, him with medical care and that such failure or delay constituted deliberate indifference to serious medical needs. However, Plaintiff must amend his claim to set forth the facts in a more coherent fashion that establishes that any lack of medical care was purposeful and was more than mere negligence. To the extent that Plaintiff bases his claims on a delay in medical care, he allege facts showing that such delay caused further harm.

### VI.    CLAIM FOR FAILURE TO PROTECT

Prison officials are required to take reasonable measures to guarantee the safety of inmates, and officials have a duty to protect inmates from violence. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994). To state a claim for a failure to protect, an inmate must allege facts to show that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Id. at 834. To allege deliberate indifference adequately, a plaintiff must set forth facts showing that a defendant knew of, but disregarded, an excessive risk to inmate safety. Id. at 837. Specifically, the plaintiff must show that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," actually drew that inference, and failed to respond reasonably to the risk. Id. at 837, 844.

Plaintiff claims that his right to protection from assault by other inmates was violated when San Bernardino County sheriff's deputies "purposefully plac[ed]" Plaintiff in WVDC's general population, instead of in protective custody. Plaintiff then was transferred to ACF and placed in the general population, where he was severely beaten by three inmates on two separate occasions. (Complaint at 13.) Apparently following the beatings, Plaintiff asked sheriff's deputies to place him in protective custody "since he was already designated PC from the superior court but ignored the PC order and stated to [Plaintiff], "you'll be alright where you're going." (Id. at 15.) Plaintiff does not allege any additional attacks thereafter. However, he does claim that he was afraid to seek medical attention because he was in the general population, he would be killed. Plaintiff appears to be alleging that he should not have been placed in the general population at all because he was charged as a sex offender. (Id. at 16.)

It appears that Plaintiff could allege sufficient facts to show that sheriff's deputies knew of, but disregarded, an excessive risk to Plaintiff's safety when deciding to house him in the general population. However, he must amend his claim to set forth the facts in a more coherent fashion that establishes that a defendant knew of, but disregarded, an

excessive risk to Plaintiff's safety by placing him in the general population, which then caused Plaintiff to suffer harm.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: August 31, 2015

        */s/ John E. McDermott*
        JOHN E. MCDERMOTT
        UNITED STATES MAGISTRATE JUDGE