# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINO SOLIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WEST VALLEY DETENTION CENTER, et al.,<br><br>　　　　　　Defendants. | Case No. EDCV 15-1005-PSG (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

　　Valentino Solis ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983 ("FAC").

　　In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

　　A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on

which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

**FACTUAL ALLEGATIONS**

Plaintiff's claims arise out of his confinement at the West Valley Detention Center ("WVDC"), the High Desert Correctional Facility ("HDCF") in San Bernardino County, California, and Chuckawalla Valley State Prison ("CVSP") in Riverside County, California. He names "[WVDC] (Sheriff), [HDCF] (Sheriffs and Nurse), [and] [CVSP] (Dr. Murakonda)" as Defendants in the caption of the FAC. (FAC at 1.) All Defendants are sued in their individual and official capacities. (Id. at 3.) Plaintiff seeks declaratory relief and damages. (Id. at 9.)

Plaintiff alleges that Defendants were deliberately indifferent to a substantial risk of serious harm to him, in violation of his Eighth and Fourteenth Amendment rights. (Id. at 7.) He appears to allege that a WVDC watch commander or classification officer "should know that persons arrested for certain [sex] offenses" faced a risk of harm. (Id.) He gives no additional information to support this claim.

Plaintiff further alleges that he did not received appropriate medical care after he was assaulted, and a sheriff's deputy exacerbated his injuries by rolling him around in a chair. (Id. at 6-7.) Plaintiff was not given treatment by nurses at HDCF and WVDC. (Id. at 8.) He also told Dr. Murakonda at CVSP that he had been assaulted, and she refused to treat Plaintiff because he was "building a case." (Id.)

**DISCUSSION**

**I.    THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 10.**

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable

the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

  Here, Plaintiff has not separately set forth his various claims – including the supporting facts for each claim – as separate counts, so as to allow the Court and Defendants to understand the scope and nature of Plaintiff's allegations. For example, it appears that Plaintiff is attempting to assert claims for deliberate indifference based on failure to protect him from harm and failure to provide medical care. (See FAC at 7.) However, these allegations are not set forth as separate legal claims. Plaintiff also has added CVSP as a defendant. CVSP is a state prison, whereas HDCF and WVDC appear to be operated by the San Bernardino County Sheriff's Department. However, Plaintiff has not articulated separate and distinct claims against these different entities or clarified which actions were taken at which facilities. It also appears that Plaintiff is attempting to refer back to the initial Complaint, which is not allowed.

  Accordingly, the FAC is subject to dismissal pursuant to Rule 10 because it improperly mixes allegations apparently related to different types of claims. If Plaintiff wishes to filed an amended complaint, he shall set forth each claim as a separate count by clearly numbering and distinguishing from one another every civil rights claim, including the underlying factual allegations for each claim. Any claim that is not clearly numbered or separated from all other claims and accompanied with the alleged facts supporting that

claim will not be addressed as a separate claim for relief. He must re-allege all facts that support his claims. He may not refer back to the Complaint or FAC.

## II. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

The FAC does not comply with the standards of Rule 8. Plaintiff's allegations fail to clearly identify each individual claim, the incident(s) giving rise to each claim, and the specific Defendants Plaintiff believes are liable for each of those claims. Plaintiff must state all of his factual allegations according to the claims that he is asserting. The court is not required to sort through Plaintiff's allegations in search of a viable claim, Independent Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003); see Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994), and Plaintiff's failure to plainly and succinctly provide each defendant with fair notice of the bases for his allegations violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

In sum, the FAC is subject to dismissal under Rule 8.

III. **PLAINTIFF FAILS TO STATE A CLAIM AGAINST WVDC, HDCF, OR THE EMPLOYEES IN THEIR OFFICIAL CAPACITIES.**

Plaintiff names "[WVDC] (Sheriff), [HDCF] (Sheriffs and Nurse), [and] [CVSP] (Dr. Murakonda)" as Defendants. These are the only Defendants properly named in the FAC. All Defendants are sued in their individual and official capacities. It appears, based on Plaintiff's allegations, that WVDC and HDCF are operated by the San Bernardino County Sheriff's Department.

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Moreover, a local governmental entity, such as a county, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc).

A local government entity may be held liable for a failure to train its employees only if "the failure to train amounts to deliberate indifference to the rights of persons" impacted by the inaction. City of Canton v. Harris, 489 U.S. 378, 388 (1989). In order to state a claim

1  for failure to train, Plaintiff must allege that "in light of the duties assigned to specific officers
2  or employees the need for more or different training is so obvious, and the inadequacy so
3  likely to result in the violation of constitutional rights, that the policymakers of the city can
4  reasonably be said to have been deliberately indifferent to the need."  Id. at 390.

5        Here, Plaintiff has failed to identify any policy statements, regulations, officially
6  adopted or promulgated decisions, customs, or practices by which WVDC or HDCF
7  allegedly inflicted the injuries about which Plaintiff is complaining.  The allegations of the
8  FAC are insufficient to state a claim upon which relief may be granted against WVDC,
9  HDCF, or any employee of WVDC or HDCF in their official capacities.  See Iqbal, 556 U.S.
10 at 678-79 (legal conclusions must be supported by factual allegations); Dougherty, 654 F.3d
11 at 900 (finding that plaintiff's conclusory allegations "lack any factual allegations that would
12 separate them from the 'formulaic recitation of a cause of action's elements' deemed
13 insufficient by Twombly.").

14 **IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR DAMAGES AGAINST CVSP.**

15       Plaintiff names CVSP as a Defendant.  CVSP is a state prison, operated by the
16 California Department of Corrections and Rehabilitation ("CDCR").  The only allegation
17 pertaining to CVSP is that Dr. Murakonda refused to provide Plaintiff with medical treatment
18 for his injuries.  (FAC at 6.)

19       States, state agencies, and state officials sued in their official capacities are not
20 persons subject to civil rights claims for damages under 42 U.S.C. § 1983.  Will v. Michigan
21 Department of State Police, 491 U.S. 58, 64–66 (1989); see also Hafer v. Melo, 502 U.S.
22 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials
23 sued in their individual capacities, nor does it bar suits for prospective injunctive relief
24 against state officials sued in their official capacities).  CDCR is an agency of the State of
25 California and, therefore, is entitled to Eleventh Amendment immunity.  See Brown v.
26 California Department of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR is a state
27 agency entitled to Eleventh Amendment immunity).
28

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984). Both the Ninth Circuit and the Supreme Court have recognized that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999). In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment. See, e.g., Brown, 554 F.3d at 752 ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. California Department of Corrections, 297 Fed. App'x. 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections . . . is a state agency that is immune from liability under the Eleventh Amendment.").

Accordingly, any claim for money damages against CVSP or Dr. Murakonda in his official capacity is barred by the Eleventh Amendment.

## V. CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS.

The state must provide medical care to prisoners because their incarceration has deprived them of the ability to secure medical care for themselves. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Failure to provide medical care may violate the Cruel and Unusual Punishment Clause of the Eighth Amendment if it amounts to deliberate indifference to a prisoner's serious medical needs. Estelle, 429 U.S. at 104

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A

serious medical need exists if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059. Examples of serious medical needs include: '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60.

Deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. McGuckin, 974 F.2d at 1060. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care." Id. at 1059; see Estelle, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide medical care does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06. When medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (delayed dental care did not violate Eighth Amendment because plaintiffs did not show that "delays occurred to patients with problems so severe that delays would cause significant harm").

Plaintiff alleges that he was injured, but that Doe 1 Nurse at HDCF, Doe 1 Nurse at WVDC, and Dr. Murakonda at CVSP failed to provide him with medical treatment. (FAC at 5-6.) He states that Officer Doe #2 put Plaintiff in an office chair after he was injured and wheeled him to the other side of the facility, which was "a very painful ride." (FAC at 4.)

It appears that Plaintiff could amend his pleadings to allege sufficient facts establishing that sheriff's deputies and/or medical personnel failed to provide, or delayed in providing, him with medical care and that such failure or delay constituted deliberate indifference to serious medical needs. However, Plaintiff must amend his claim to set forth the facts in a more coherent fashion that establishes that any lack of medical care was

purposeful and was more than mere negligence. To the extent that Plaintiff bases his claim on a delay in medical care, he allege facts showing that such delay caused further harm. Again, Plaintiff must re-state all facts that support this claim.

### VI. CLAIM FOR FAILURE TO PROTECT.

Prison officials are required to take reasonable measures to guarantee the safety of inmates, and officials have a duty to protect inmates from violence. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994). To state a claim for a failure to protect, an inmate must allege facts to show that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Id. at 834. To allege deliberate indifference adequately, a plaintiff must set forth facts showing that a defendant knew of, but disregarded, an excessive risk to inmate safety. Id. at 837. Specifically, the plaintiff must show that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," actually drew that inference, and failed to respond reasonably to the risk. Id. at 837, 844.

Plaintiff appears to claim that his right to protection from assault by other inmates was violated when unnamed San Bernardino County sheriff's deputies placed Plaintiff in WVDC's general population, instead of in protective custody. (See FAC at 5, 7.) Although the sequence of events is unclear in the FAC, Plaintiff appears to be alleging that he should not have been placed in the general population at all because he was identified as a sex offender. (Id. at 5, 7.)

It appears that Plaintiff could allege sufficient facts to show that sheriff's deputies knew of, but disregarded, an excessive risk to Plaintiff's safety when deciding to house him in the general population. However, he must amend his claim to set forth the facts in a more coherent fashion that establishes that a defendant knew of, but disregarded, an excessive risk to Plaintiff's safety by placing him in the general population, which then caused Plaintiff to suffer harm. Again, Plaintiff must re-state all facts that support this claim.

*************

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: January 11, 2016                    */s/ John E. McDermott*
                                                                         JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE